UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Taz Allen, William Brown,

                                    Plaintiffs,                         Complaint

        -against-                                                CIVIL ACTION
                                                                    18CV02391

PO Craig Vitale, Shield 1036, 18th Pct.; PO John Doe 1-3;
Sgt. Fran Siciliano[1]; Captain John Doe 4; NYC,

                                    Defendants.
_____X

        **NOW COMES** the Plaintiffs, **Taz Allen and William Brown**, by and through their attorney, **D. Andrew Marshall, Esq.** for their Complaint against the Defendants, respectfully shows to this Court and allege:

## Preliminary Statement

1.      This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of his rights, privileges and immunities secured by Title 42 of the United States Code §1983, the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York, as well as the Charter, rules, regulations and ordinances of the City of New York.

2.       Plaintiffs also assert supplemental state law tort claims.

3.      Plaintiffs seek compensatory damages, punitive damages and attorney's fees for violations and deprivations of their civil and constitutional rights, privileges and immunities by the defendants, their agents, servants and employees, while

_____

[1] Sgt. Fran Siciliano appears on arrest documents. As per NYPD verification, Sgt. Fran Siciliano is no longer active.  More information needed.

1

acting under color of law in the course and scope of their employment and service as NYC police officers.

4.    Alternatively, if, the individual Defendant Police Officers were not acting under color of state law in the course and scope of their employment, agency and service, they were negligently acting beyond the scope of their duty as police officers.

5.    Plaintiffs were stopped, searched, and seized in violation of their constitutional rights, privileges and immunities against unreasonable searches and seizures by the Defendants, members of the New York City Police Department, (hereinafter "NYPD").

6.    The Defendants City of New York, hereinafter, "**Defendant NYC**,"  operating through and in conjunction with the New York City Police Department ("NYPD"), have implemented and continue to conduct, enforce and sanction a dubious arrest policy which has resulted in a pattern and practice of disparate illegal stops, seizures, questioning, searches, use of force, false arrests and malicious prosecution of its citizens.

7.    Under the arrest practices, NYPD officers indiscriminately stop and question persons without objective individualized suspicion of a crime, and unlawfully arrest individuals without probable cause.

8.    Under the arrest practices, NYPD officers are incentivized by the prospect of overtime pay and other financial and non-financial rewards.

9.    Under the arrest practices, the precincts can pad their crime stats and justify larger budgets and other incentives.

2

10. Defendant NYC and NYPD also discriminatorily acquiesce in, ratify, and fail to monitor or rectify NYPD officers' widespread unlawful practices.

11. As a result, low to moderate income persons of color, like Plaintiff Allen and Plaintiff Brown are being unconstitutionally detained and arrested without reasonable suspicion or probable cause.

12. The decision to enforce the patrol policy and arrest practices in this disproportionate way is not explained or justified by underlying crime levels.

13. The mandate of the NYPD is to safeguard community members from crime by providing security and otherwise delivering police services.

14. Plaintiff Allen and Plaintiff Brown are not provided protection on the same terms as other community members, rather they and those similarly situated are subject to, without limitation, unfounded stops, seizures, questioning, searches, and arrests when they are merely trying to enjoy the fellowship of their family and friends in public without unjustified government interference police intrusions.

15. As a result of the defendants' acts and omission, Plaintiff Allen and Plaintiff Brown suffered damages, including without limitation, deprivation of his rights, privileges and immunities, as well as physical, emotional, mental and psychological injuries and damages.

16. The Defendants herein are collectively and individually responsible for the deprivation of rights, privileges and immunities and other damages visited upon Plaintiff Allen and Plaintiff Brown and Plaintiff Brown.

## Jurisdiction

17.     That jurisdiction is founded upon the existence of a Federal Question.

18.     That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), which confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law, statute, ordinance, regulation, custom or usage.

19.     The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seventy-five thousand dollars ($75,000.00).

## Venue

20.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## Jury Demand

21.     Plaintiff demands a trial by jury in this action.

## Parties:

22.     Plaintiff Taz Allen, hereinafter "**Plaintiff Allen,**" is a citizen of the State of New York within the jurisdiction of this court.

23.     Plaintiff William Brown, hereinafter "**Plaintiff Brown**," is a citizen of the State of New York within the jurisdiction of this court.

24.     On February 18, 2017 at all times relevant and material to this case **Defendant NYC** was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

4

25. **Defendant NYC** is authorized under the laws of the State of New York to maintain, operate, and govern the NYPD, its precincts and personnel, all of whom act as Defendant NYC's agent and for which Defendant NYC is ultimately responsible.

26. On February 18, 2017 at all times relevant and material to this case the Defendant NYC, its departments, agents, servants, and employees were charged with, including without limitation, hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the individual Defendant Police Officers herein.

27. On February 18, 2017 at all times relevant and material to this case Defendant Police Officer Craig Vitale, hereinafter "**Defendant Vitale**," was employed by Defendant NYC and NYPD at the 18th Precinct, 306 W 54th St, City, County and State of New York as a police officer. He is sued in his individual and official capacities.

28. On February 18, 2017 at all times relevant and material to this case Defendant Police Officers John Doe 1-3, hereinafter "**Defendants Doe 1-3**," were employed by Defendant NYC and NYPD at the 18th Precinct, 306 W 54th St, City, County and State of New York as police officers. They are   sued in their individual and official capacities.

29. On February 18, 2017 at all times relevant and material to this case Defendantsgt. Fran Siciliano, hereinafter "**Defendantsgt. Siciliano**," was employed by Defendant NYC and NYPD at the 18th Precinct, 306 W 54th St,

5

City, County and State of New York as a Police Officer with the rank of sergeant and first line supervisory responsibilities duties. He is sued in his individual and official capacities.

30.     On February 18, 2017 at all times relevant and material to this case, Defendant Captain John Doe 4, hereinafter "**Defendant Captain Doe 4**," was employed by Defendant NYC and NYPD at the 18th Precinct, 306 W 54th St, City, County and State of New York, as a police officer with the rank of Captain and first line supervisory responsibilities duties. He is sued in his individual and official capacities.

31.     Upon information and belief, Defendant NYC and NYPD remain the public employer of the named defendant police officers.

32.     As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

33.     Defendants Doe 1-3, and Captain Doe 4 were employed by Defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiffs.

34.     At all relevant times, the individual Defendant Police Officers were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## Statement of Facts

35.     This action arose out of a continuous incident that began on February 18, 2017 at around 3:00 a.m. on a public street, City, County and State of New York where

Plaintiff Allen and Plaintiff Brown were stopped, searched and seized in violation of their rights, privileges and immunities.

36.   On February 18, 2017, Plaintiff Allen and Plaintiff Brown were conversing on a public street in the vicinity of West 53rd Street, City, County and State of New York.

37.   There was no criminality afoot.

38.   Defendant P.O. Vitale and Defendant P.O. John Doe 1 were on duty as police officers in the vicinity of West 53rd Street, City, County and State of New York.

39.   Defendant P.O. Vitale and Defendant P.O. John Doe 1 were being supervised by Defendantsgt. Siciliano.

40.   After Plaintiff Brown parted company with Plaintiff Allen, Defendant P.O. Vitale approached and detained Plaintiff Allen.

41.   Upon witnessing Plaintiff Allen being detained, Plaintiff Brown returned and inquired of Defendant P.O. Vitale as to the nature of Plaintiff Allen's detention.

42.   Defendant P.O. Vitale then detained Plaintiff Brown.

43.   Defendant P.O. John Doe 1 then arrived and had a brief inaudible conversation with Defendant P.O. Vitale.

44.   Defendant P.O. Vitale and Defendant P.O. John Doe 1 then announced to Plaintiff Allen and Plaintiff Brown that they were being arrested for violating § 160.30(1) (Fraudulent Accosting, a Class-A Misdemeanor).

45.   Plaintiff Allen and Plaintiff Brown denied any wrongdoing.

46.   Plaintiff Allen and Plaintiff Brown objected to their treatment.

7

47.   Defendant P.O. Vitale and Defendant P.O. John Doe 1 disregarded Plaintiff Allen
      and Plaintiff Brown.

48.   Defendant P.O. Vitale and Defendant P.O. John Doe 1 made up an excuse for the
      seizure.

49.   The incident continued at the 18th Precinct where Plaintiff Allen and Plaintiff
      Brown were processed for an arrest without probable cause.

50.   The incident thereafter continued at the New York County Central Bookings,
      City, County and State of New York where Plaintiff Allen and Plaintiff Brown
      were further detained in violation of their rights, privileges and immunities.

51.   The incident thereafter continued in the New York County Criminal Court
      where Plaintiff Allen and Plaintiff Brown were arraigned and formerly charged
      with violating § 160.30(1) (Fraudulent Accosting, a Class-A Misdemeanor) in
      the matter People of the State of New York v. Taz Allen, William Brown, Docket
      No. 2017NY011073.

52.   After a bail was set on both Plaintiff Allen and Plaintiff Brown the incident
      thereafter continued at the New York City Department of Corrections, Riker's
      Island Complex where both Plaintiff Allen and Plaintiff Brown were held in lieu
      of bail.

53.   After several days of being in detained at the New York City Department of
      Corrections, Riker's Island Complex in lieu of bail both Plaintiff Allen and
      Plaintiff Brown were produced in the Criminal Court of the City of New York,
      New York County where they were released on their own recognizance.

54.  Finally, on April 4, 2017 in the New York County Criminal Court the matter
     People of the State of New York v. Taz Allen, William Brown, Docket No.
     2017NY011073 was dismissed and sealed.

55.  Defendant P.O. Vitale and Defendant P.O. John Doe 1 knew or had reason to know
     that they lacked probable cause to arrest Plaintiff Allen and Plaintiff Brown.

56.  Defendant P.O. Vitale and Defendant P.O. John Doe 1 agreed to arrest Plaintiff
     Allen and Plaintiff Brown to initiate legal process against Plaintiff Allen and
     Plaintiff Brown to earn overtime pay.

57.  Defendant P.O. Vitale and Defendant P.O. John Doe 1 did earn overtime pay in
     connection with the arrest of Plaintiff Allen and Plaintiff Brown.

58.  Sgt. Sicilian approved Defendant Vitale and Defendant P.O. John Doe 1's overtime
     pay stemming from the arrest of Plaintiff Allen and Plaintiff Brown.

59.  At all times relevant and material to this case Sgt. Sicilian was present at the 18th
     Precinct, but did not supervise, intervene, manage, oversee or question Plaintiff
     Allen and Plaintiff Brown and Plaintiff Brown's stop, search and seizure.

60.  At all times relevant and material to this case Defendant Captain Doe 4 was
     present at the 18th precinct, but did not supervise, intervene, manage, oversee or
     question Plaintiff Allen and Plaintiff Brown and Plaintiff Brown's stop, search and
     seizure.

61.  Defendant Captain Doe 4 approved Defendant Vitale and Defendant P.O. John
     Doe 1's overtime pay stemming from the false arrest of Plaintiff Allen and
     Plaintiff Brown.

<u>Plaintiff Allen and Plaintiff Brown's Injuries and Damages</u>

62.   As a direct and proximate consequence of the defendants' conduct:

    a.   Plaintiff Allen and Plaintiff Brown were deprived of their rights, liberties, immunities and privileges in violation of their federal and state constitutional rights;

    b.   Plaintiff Allen and Plaintiff Brown incurred other items of attendant damages.

First Cause of Action
<u>Civil Rights Action 42 USC §1983: Arrest</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

63.   At all times relevant herein, the Defendant Police Officers were subject to 42 U.S.C. §1983.

64.   Acting under the color of law, the Defendant Police Officers denied Plaintiff Allen and Plaintiff Brown of the rights, privileges and immunities secured by the United States Constitution and Federal Law.

65.   Each of the Defendant Police Officers' acts and omissions alleged herein were done under the color of law.

66.   Each of the Defendant Police Officers' acts and omissions alleged herein were undertaken by them while acting in the course and scope of their employment.

67.     The Defendant Police Officers acted with deliberate indifference to Plaintiff Allen and Plaintiff Brown's rights, privileges and immunities secured by federal and state law.

68.     As a direct and proximate result of the Defendant Police Officers' acts and omissions, Plaintiff Allen and Plaintiff Brown were deprived of their rights, privileges and immunities under the Constitution of the United States, the Constitution of the State of New York, as well as the Charter, rules, regulations and ordinances of the City of New York.

69.     That at all relevant times, Defendant Police Officers:

  a.  falsely detained, arrested and imprisoned Plaintiff Allen and Plaintiff Brown;

  b.  filed a false arrest report and corresponding NYPD complaint in furtherance of said deprivation of liberty;

  c.  failed to intercede on behalf of Plaintiff Allen and Plaintiff Brown to prevent the Constitutional violations aforesaid, despite having an opportunity to do so;

  d.  denied Plaintiff Allen and Plaintiff Brown equal protection of the law;

  e.  engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff Allen and Plaintiff Brown;

  f.  deprived Plaintiff Allen and Plaintiff Brown of liberty without due process of law;

  g.  deprived Plaintiff Allen and Plaintiff Brown and Allen of the right to freely associate with each other, and;

11

     h.  retaliated against Plaintiff Allen and Plaintiff Brown for exercising their right to free speech.

70.   The Defendant Police Officers, by reasonable diligence, could have prevented the said wrongful acts and omissions from being committed.

71.   The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Allen and Plaintiff Brown's damages had they exercised their duty to intervene in the face of police misconduct.

72.   The Defendant Police Officers conduct violated 42 U.S.C. §1983.

73.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Second Cause of Action
Civil Rights Action 42 USC §1983:
<u>Detention and Confinement</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

74.   As a result of the Defendant Officers' concerted and malicious detention and confinement of Plaintiff Allen and Plaintiff Brown, they deprived them of their rights to liberty in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States and 42 USC § 1983 thereby impeding the due course of justice.

12

75. Plaintiff Allen and Plaintiff Brown never consented to said detention and confinement.

76. Plaintiff Allen and Plaintiff Brown were conscious and aware of their detention and confinement.

77. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Third Cause of Action
Civil Rights Action 42 USC §1983:
Refusing or Neglecting to Prevent

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

78. At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendantsgt. Siciliano, Defendant Captain Doe 4 and Defendant NYC.

79. Acting under the color of law and pursuant to the official policy or custom of the Defendant NYC, Defendantsgt. Siciliano, Defendant Captain Doe 4 knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty to refrain from:

13

    a. Unlawfully and maliciously arresting, imprisoning and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

    b. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the law of the State of New York, and;

    c. Otherwise depriving Plaintiff of his constitutional and statutory liberties, rights, privileges and immunities.

80. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene, mitigate or stop the events alleged herein.

81. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, failed to, *inter alia*, report the unlawful conduct alleged herein to supervisors.

82. Those individual supervising Defendant Police Officers who were present but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, or discipline any participant.

83. As a direct and proximate result of this unlawful conduct, Plaintiff Allen and Plaintiff Brown sustained the damages herein alleged.

84. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the

14

defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### Fourth Cause of Action
### Civil Rights Action 42 USC §1983:
### <u>Unlawful Seizure (Person)</u>

Plaintiff Allen and Plaintiff Brown**,** hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

85.   As a result of defendants' aforementioned conduct, the Plaintiffs were subjected to an illegal, improper and unlawful warrantless search and seizure of his person without any probable cause, privilege or consent.

86.   The search and seizure of the Plaintiffs was objectively unreasonable and in violation of the Plaintiff's constitutional rights

87.   As a result of the foregoing, the Plaintiffs' liberty was restricted for an extended period of time, and the Plaintiffs were put in fear of his safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation and deprivation of his constitutional rights.

88.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### Fifth Cause of Action

## Malicious Abuse of Process

Plaintiff Allen and Plaintiff Brown**,** hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

89. Defendant Vitale initiated legal process against Plaintiff Allen and Plaintiff Brown.

90. Defendant Vitale arrested Plaintiff Allen and Plaintiff Brown to obtain collateral objectives outside the legitimate ends of the legal process, to wit, *inter alia*, to obtain financial compensation, to obtain more arrests, to obtain more indictments, to obtain more convictions, and to obtain good-will within the 18th Precinct hierarchy.

91. Defendant Vitale acted with intent to do harm to Plaintiff Allen and Plaintiff Brown and to benefit himself.

92. Defendants Doe 1-10, Sgt. Sicilian and Captain Doe 4 aided and abetted Defendant Vitale.

93. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

94. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Sixth Cause of Action
### Supervisory Liability Under 42 U.S.C. § 1983

16

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

95. Sgt. Sicilian and Defendant Captain Doe 4 had direct first-line supervisory responsibilities with respect to Defendant Luciano and his colleagues at 18th Precinct.

96. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD, including City and NYPD directives and orders.

97. Defendantsgt. Sicilian and Defendant Captain Doe 4 were present in the field and at the precinct on the date and time of occurrence giving rise to this claim.

98. At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendantsgt. Sicilian and Defendant Captain Doe 4and Defendant NYC.

99. Defendantsgt. Sicilian and Defendant Captain Doe 4 knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty to refrain from:

100. Defendantsgt. Sicilian and Defendant Captain Doe 4 knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty to refrain from:

    a.  Unlawfully stopping, questioning, searching, seizing and prosecuting citizens like Plaintiff Allen and Plaintiff Brown in violation of their constitutional and statutory rights, privileges and immunities,

    b.  Conspiring to violate the rights, privileges and immunities guaranteed to citizens like Plaintiff Allen and Plaintiff Brown by the Constitution and the laws of the United States and the law of the State of New York, and;

    c.  Otherwise depriving citizens like Plaintiff Allen and Plaintiff Brown of their constitutional and statutory liberties, rights, privileges and immunities.

101.  Defendants Sgt. Siciliano and Captain Doe 4 personally caused Plaintiff Allen and Plaintiff Brown's deprivations and damages by being deliberately indifferent to safeguarding the rights of Plaintiff Allen and Plaintiff Brown.

102.  Defendants Sgt. Doe 4 and Captain Doe 4 personally caused Plaintiff Allen and Plaintiff Brown's deprivations and damages by failing to properly supervise their subordinate employees to safeguard the public form abuse.

103.  Defendants Sgt. Siciliano and Captain Doe 4 personally caused Plaintiff Allen and Plaintiff Brown's deprivations and damages by failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

104.  Defendantsgt. Sicilian and Defendant Captain Doe 4 personally caused Plaintiff Allen and Plaintiff Brown's deprivations and damages by condoning the policy

18

of arbitrary stopping, searching and seizing persons without probable cause, reasonable suspicion or legal basis.

105. As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

106.  As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Seventh Cause of Action
## Municipal Liability

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

107.  Defendant NYC, and the NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to roving patrols, anti-crime, stop and frisk, use of force, strip searches, body cavity searches, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

108.  Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant NYC, through its agents, has enforced, promoted, encouraged and sanctioned a policy, practice and custom of roving pedestrian

19

checkpoints for general crime control and indiscriminate stops, searches and seizures of persons absent objective and individualized criteria.

109.   Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of stopping, searching, questioning, and seizing individuals.

110.   The stops, searches and seizures are invariably executed without the reasonable cause, articulable suspicion or probable cause as required by the Fourth Amendment to the United States Constitution or Article 1, §12 of the New York State Constitution.

111.   By sanctioning the arrest policy as practiced, Defendant NYC has unlawfully vitiated the rights, privileges and immunities of a class or demographic segment within New York City.

112.   Defendant NYC has been deliberately indifferent to the impact and consequences of the patrol and arrest policy.

113.   Defendant NYC has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of the vertical/interior patrol policy and trespass arrest practices.

114.   The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant NYC, and NYPD, but which is forbidden by the Constitution of the United States.

115.   These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and customs devised, implemented,

enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to: (a) the failure to adequately and properly, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; (c) the failure to adequately and properly screen and hire NYPD officers; (d)  the failure to rectify the NYPD's epidemic of baseless stops, seizures, questions, searches arrests and prosecutions, and; the failure to remove the financial incentive from making arrests.

116.    In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees.

117.    Upon information and belief, the aforementioned practices constitute unwritten NYPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

118.    Defendant NYC through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of police officers lacking the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

119.    Defendant NYC through the NYPD, has had, and still has supervisory practices that it knows will lead to lax supervision of police officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

120.    Defendant NYC through the NYPD, has had, and still has disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers whom lack the qualifications to discharge their duties in accordance with the

21

Constitution of the United States and is deliberately indifferent to the consequences.

121.   Defendant NYC and NYPD through the NYPD, have a de facto policy that invites, *inter alia*, unlawful stops, searches, seizures and prosecutions.

122.   Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, *inter alia*, negligent investigations, the fabrication of evidence, false arrests, unlawful detentions, illegal searches, malicious prosecution and perjury.

123.   Defendant NYC through the NYPD has de facto policies that encourage competition among employees which fosters, *inter alia*, improper manipulation of subordinates.

124.   Defendant NYC through the NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

125.   Defendant NYC, at all relevant times, was aware that the individual Defendant Police Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

126.   The Defendant NYC failed to properly and adequately investigate prior complaints filed against the defendants.

22

127.   Defendant NYC, through the NYPD, at all relevant times, was aware that the individual Defendant Police Officers were unfit officers who have previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

128.   The Defendant NYC, through a policy, practice and custom, directly and proximately caused Plaintiffs' deprivations and damages.

129.   Nevertheless, the Defendant NYC exercised deliberate indifference by failing to take remedial action.

130.   The existence of the aforementioned customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against Defendant NYC, including but not limited to the following cases:

   a.   <u>Lotorto v. City of New York</u>, 10CV1223(ILG)(JMA) (USDC EDNY), (police officers beat, arrest and destroy a video recording of a bystander who was recording an arrest occurring n public);

   b.   <u>Schoolcraft v. City of New York</u>, 10CV6005(RWS)(USDC SDNY), (police officer who exposed a precinct's policies  and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing said policies and practices to the press);

   c.   <u>Long v. City of New York</u>, 09CV60990(AKH) (USDC SDNY); <u>People v. Pogan</u>, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly

swore out a false complaint and used excessive force is convicted of
falsifying police records and was prosecuted for recklessly using
physical force, the plaintiff was engaged in expressive conduct when
he was as salted by the office); (police officer at the 24th precinct
issues four (4) summonses to a woman for her lodging a complaint
against him with the Civilian Complaint Review Board at the
precinct)

d.  Colon v. City of New York, (09CV0008) (USDC, EDNY); (police
    officers fired for falsifying evidence);

e.  Taylor-Mickins v. City of New York, 09CV7923(RWS)(USDC SDNY);

f.  Davis v. City of New York, et al., 10 CV 699 (USDC SDNY) (SAS)
    (defendants NYC and NYCHA settled this class-action suit that
    challenged NYPD's vertical patrol policy and practice of routine,
    stops and arrests of such persons in a racially discriminatory manner
    and without sufficient evidence of wrongdoing.)

g.  Floyd, et al v. City of New York, (08 CV. 1034) (USDC SDNY) (SAS)

131.  In addition, the following are City policies, practices and customs:

a.  Falsely arresting innocent individuals, based on a pretext, in order to
    meet productivity goals;

b.  Falsely swearing out criminal court complaints and lying and
    committing perjury during sworn testimony in order to protect other
    officers and to meet productivity goals;

c.  Fabricating evidence against individuals;

24

d.  Using and threatening the use of excessive force on individuals;

e.  Retaliating against individuals who engage in free speech;

f.  Ignoring the constitutional rights of the general-public;

g.  Ignoring the constitutional rights of the persons in their care and custody;

h.  Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i.  Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j.  Inadequately and improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k.  Tolerating acts of brutality;

l.  IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m.  Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

n.  Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has

25

become ingrained in the defendants so to constitute a policy of Defendant NYC, and NYPD/NYPD;

o.  Rewarding rogue-like behavior with financial compensation;

p.  Failing to intervene to prevent the above practices.

132.  As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to actual, general, special and compensatory damages against the defendant NYC, attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Eighth Cause of Action
Pendant New York State Claim for
Negligence in the Performance of Duties

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, further allege:

133.  That the Defendants negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officers would have used under similar circumstances.

134.  That the Defendants were negligent, careless and reckless in the manner that they operated, controlled and maintained their agents, servants, and employees; and in that the Defendants, their agents, employees and servants were otherwise negligent, careless, and reckless.

26

135. That the aforesaid occurrence were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff Allen and Plaintiff Brown.

136. That by reason of the aforesaid, the Plaintiff Allen and Plaintiff Brown were injured, incapacitated and prevented from their usual vocation and will, upon information and belief, be so incapacitated in the future, still suffers and will continue to suffer mental pain, and the Plaintiffs have been otherwise damaged.

137. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Ninth Cause of Action
Pendant New York State Claim for
<u>Negligence in Training and Supervising</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

138. That the Defendant NYC, their agents, servants and employees, were negligent, careless and reckless in the training, supervision, direction, control, appointment and promotion of their agents, servants and employees.

139. That the Defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

27

140. That the Defendant NYC and the NYPD, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

141. That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant NYC its agents, servants and employees without any negligence on the part of Plaintiff Allen and Plaintiff Brown.

142. That the mistreatment and abuse of the Plaintiff as set forth above was the reasonably foreseeable consequence of said defendants' negligent conduct.

143. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Tenth Cause of Action:
Pendant New York State Claim for
<u>Negligent Hiring and Retention</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

144. The Defendant NYC was careless and reckless in hiring and retaining as and for its employees, the abovenamed individuals.

145.   The Defendant NYC knew or had reason to know that the said Defendants lacked the experience, deportment and ability to be employed by Defendant NYC.

146.   The Defendant NYC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of Defendant NYC.

147.   That Defendant NYC failed to investigate the above-named Defendant's background and in that they hired and retained as employees of their Police department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendant lacked the maturity, sensibility and intelligence to be employed by Defendant NYC Defendant in that Defendant NYC knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees' and, in that Defendant NYC, their agents, servants and employees were otherwise careless, negligent and reckless.

148.   The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant NYC, its agents, servants and employees without any negligence on the part of the Plaintiff.

149.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Eleventh Cause of Action

## Pendant New York State Claim
### <u>For Unlawful Detainer, False Arrest</u>, <u>False Imprisonme</u>t

Plaintiff Allen and Plaintiff Brown, hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

150. That at all relevant times Plaintiff Allen and Plaintiff Brown were unequivocally innocent of any crime, had not violated or breached any law, code, rule, regulation, ordinance, statute, order or otherwise in effect.

151. Plaintiff Allen and Plaintiff Brown were unlawfully detained, falsely arrested and falsely imprisoned by the defendants, their agents, servants and employees, including but not limited to the defendant officers.

152. The aforesaid unlawful detainer, false arrest and false imprisonment of Plaintiff Allen and Plaintiff Brown were violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of Defendant NYC of New York.

153. At all times Plaintiff Allen and Plaintiff Brown had not consented to being confined by the Defendants.

154. At all times Plaintiff Allen and Plaintiff Brown were conscious of his restraint, loss of liberty and abduction.

155. The Defendants lacked privilege or other legal authority to confine Plaintiff Allen and Plaintiff Brown.

156. As a result, of the foregoing, Plaintiff Allen and Plaintiff Brown suffered personal injuries, a violation of his civil and due process rights.

30

157. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Twelfth Cause of Action
## <u>Pendant New York State Claim Conspiracy</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

158. As set forth above, the defendant police officers conspired with and amongst one another to deprive Plaintiff Allen and Plaintiff Brown of his rights, privileges and immunities secured to them by federal and state laws.

159. As a result of the aforementioned, Plaintiff suffered a deprivation of rights, privileges and immunities as well as severe and serious physical, psychological and emotional injuries.

160. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Thirteenth Cause of Action
## Pendant New York State Claim
## <u>Violation of NY Constitution and Statutes</u>

31

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

161. Defendants have applied the executed stop, search and seizures practices in an intentionally discriminatory and race-based manner.

162. Defendants have focused enforcement of stop, search and seizures practices in African-American and Latino communities.

163. Defendants have targeted low to moderate income communities of color.

164. Defendant NYC has acquiesced in, ratified, and failed to address widespread violations of the constitutional rights of Plaintiff and those similarly situated to be free from unreasonable searches and seizures, because of their race.

165. These constitutional abuses were and are directly and proximately caused by policies, practices and customs devised, implemented, enforced, encouraged, and sanctioned by Defendant NYC, including: (a) targeted implementation of sweeps, roving arrests and otherwise  in communities of color; (b) the discriminatory failure to adequately and properly screen, train, support, and supervise NYPD officers in artificially designated "high-crime areas' where said arrest predominately occur; and (c) the discriminatory failure to adequately and properly monitor and discipline the NYPD officers.

166. By reason of the allegations contained herein, Plaintiffs were deprived by Defendants of the following rights, without limitation: his rights to free speech, to peacefully assemble, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizures, equal

protection of the law,  to be free from gratuitous and excessive force and punishment, and to due process of law, as guaranteed to them by the Constitution and statues of the State of New York and the Charter, rules and regulations of Defendant NYC of New York.

167.   The Defendants' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all Defendants are liable.

168.   By adopting and implementing the roving arrest policy and practice in this manner, Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of stop, search and seizure without the reasonable articulable suspicion of criminality required by the Constitution and laws of the State of New York.

169.   By adopting and implementing the roving arrest policy and practice in this manner, Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of arresting person for trespass, without probable cause to establish that a criminal offense has been or is being committed as required by the Constitution and laws of New York.

170.   By sanctioning and enforcing the roving arrest policy and practice in this manner, Defendant NYC intentionally and under color of state law has stopped, seized, questioned, searched, and arrested Plaintiff Allen and Plaintiff Brown without reasonable suspicion or probable cause that a crime has been committed, in violation of the Constitution and laws of the State of New York.

171.   These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and customs devised, implemented,

33

enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's suspicionless questioning and false arrest practice.

172.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Fourteenth Cause of Action
## Pendant New York State Claim Violation Of
## Negligent and Intentional Infliction
## of Emotional Distress

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each  allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

173.   The aforesaid acts of the defendants, their agents, servants and employees, acting individually and in conjunction with the other defendants, were intentional, malicious and excessive, and served no reasonable or legitimate interest.

174.   The Defendants' intentional, reckless and negligent infliction of emotional distress constituted misconduct of an egregious and outrageous nature that

34

exceeds all bounds usually tolerated by society and unreasonably endangered

Plaintiff Allen and Plaintiff Brown's physical safety.

175.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown suffered severe

and serious physical and psychological and emotional injuries.

176.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled

entitled to compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements pursuant

to 42 U.S.C. § 1988.


## Fifteenth Cause of Action:
## Pendant New York State Claim Violation Of
## <u>Negligence</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege

each  allegation contained in the proceeding paragraphs with the same

force and effect as if more fully set forth herein, and further allege:

177.   As set forth above, Defendants, their agents, servants and employees were

negligent and the actual and proximate cause of injuries and damages suffered by

Plaintiff Allen and Plaintiff Brown.

178.   Defendants owed a duty of reasonable care to Plaintiff Allen and Plaintiff Brown.

179.   Defendants breached their duty of care to Plaintiff Allen and Plaintiff Brown.

180.    As a result of the foregoing, Plaintiff suffered severe and serious physical,

psychological and emotional injuries.

181.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to

compensatory damages, and punitive damages against the individual defendants,

and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Sixteenth Cause of Action:
### Pendant New York State Claim
### <u>Respondeat Superior</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each  allegation contained above with the same force and effect as if more fully and at length set forth herein and further allege:

182. Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the defendants.

183. Inasmuch as the defendant officers were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, Defendant NYC and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

184. As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Seventeenth Cause of Action:
### Pendant New York State Claim
### <u>Failure to Protect and Intervene</u>

Plaintiff Allen and Plaintiff Brown hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same

force and effect as if more fully set forth herein, and further allege:

185. All defendants, their agents, servants, and employees, owed a duty to care and protect Plaintiffs while he was in their custody, control and care.

186. As set forth above, all defendants failed to protect Plaintiffs from known and dangerous harm.

187. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and stop the events alleged herein, and failed to, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and discipline and participant.

188. As set forth above, Defendants failed to intervene, mitigate and stop the events alleged herein.

189. All Defendants failed to report the unlawful conduct alleged herein to supervisors.

190. The Defendant NYC, and NYPD, their agents, servants and employees failed to investigate, sanction, and discipline any of the defendant officers for their aforesaid unlawful conduct.

191. Due to the Defendants' failure to protect the Plaintiffs, the Plaintiffs sustained damages.

192. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

37

193.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Eighteenth Cause of Action
## Pendant New York State Claim
## <u>Prima Facie Tort</u>

Plaintiff Allen and Plaintiff Brown, hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein and further allege:

194.   The aforementioned acts and omissions of the defendants, their agents, servants, and employees, directly and proximately caused harm to be inflicted upon Plaintiff Allen and Plaintiff Brown.

195.   As a result of the foregoing, Plaintiff suffered injuries.

196.   As a result of the foregoing, Plaintiff Allen and Plaintiff Brown are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

38

a) General and compensatory damages against all Defendant, jointly and severally;

b) Punitive damages in an amount sufficient punish individual Defendants and to deter other like them from repeating the same offenses, jointly and severally;

c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

d) Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
The 23RD day of April 2018

/s/ D. Andrew Marshall
_____
D. Andrew Marshall, Esq.
Attorney for the Plaintiff
225 Broadway, Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)
marshall.law4@verizon.net

39